**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

**ROBERT W. WRIGHT,**

      **Plaintiff,**

v.                                           **No. 2:06cv617**

**COMMISSIONER,**
**Social Security Administration,**

      **Defendant.**

## OPINION & ORDER

Robert Wright ("claimant" or "Plaintiff") brought this action pursuant to 42 U.S.C. § 405(g) and 1383(c)(3). Plaintiff seeks judicial review of the Commissioner of Social Security's ("Commissioner" or "Defendant") January 26, 2006 decision denying Plaintiff's application to establish a period of disability and an award of Social Security benefits. Doc. 3. Plaintiff moved for summary judgment on April 20, 2007. Doc. 13. Defendant moved for summary judgment on May 23, 2007. Doc. 15. The motions and attendant pleadings were referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). Doc. 7. The Magistrate Judge issued his Report and Recommendation on January 8, 2008. Doc. 18. Defendant filed a timely objection to the Report and Recommendation on January 17, 2008. Doc. 19. Plaintiff's time to respond to this objection expired on January 30, 2008. The matter is therefore ripe for decision by the Court.

The Commissioner has filed two (2) objections to the Magistrate Judge's Report and

Recommendation. Doc. 19. First, the Commissioner objects to the substantive finding that the Administrative Law Judge's ("ALJ") credibility determination was inadequate. Id. at 1. Second, the Commissioner objects to the procedural recommendation that the Court not take action on either party's motion for summary judgment, instead recommending that the case be remanded for further proceedings. Id.

The Court agrees with Defendant that the Court cannot retain jurisdiction by refusing to rule on the motions for summary judgment while simultaneously remanding the case for further proceedings. The Court also **FINDS**, however, that the ALJ's credibility determination was not supported by substantial evidence, and that further proceedings are necessary. Thus, the Court **DENIES** both the Plaintiff's Motion for Summary Judgment (Doc. 13) and Defendant's Motion for Summary Judgment (Doc. 15). The Court instead **VACATES** the ALJ's decision and **REMANDS** the case for further proceedings.

## I. PROCEDURAL HISTORY AND FACTUAL BACKGROUND[1]

Plaintiff filed applications for both Disability Insurance Benefits and Social Security Income on December 18, 2003. Doc. 14 at 2. Plaintiff alleges that he was injured during his employment as a construction worker and that he became disabled on November 20, 2003. Doc. 18 at 1. Plaintiff contends that he suffers from severe back pain that radiates to his legs and arms. Doc. 18 at 2, 19. Plaintiff's applications were denied initially and on reconsideration. Doc. 14 at 2. Plaintiff filed a request for a hearing, and such a hearing was conducted on January 11, 2006.

[1] This history does not reflect the complete procedural and factual history as to Plaintiff, but only those proceedings and facts relevant to the present objections. The Court accepts as fact the procedural history and factual background set forth by the Magistrate Judge in his Report and Recommendation, insofar as they are not objected to by Defendant. See 28 U.S.C.A. § 636(b)(1); Owens ex rel. Metcalf v. Barnhart, 2006 WL 2384706, *1 (D.S.C. 2006).

-2-

Id. At the hearing, Plaintiff, Plaintiff's step-daughter, and a vocational expert testified as to the extent of Plaintiff's injuries, his daily activities, and his ability to retain employment. Doc. 18; R. at 33. On January 26, 2006, the ALJ denied both of Plaintiff's claims. Doc. 14 at 2. The ALJ noted that while Plaintiff's impairment could produce the alleged symptoms, Plaintiff's testimony regarding the "intensity, duration and limiting effects of these symptoms [is] not entirely credible." R. at 17. Plaintiff requested review of this decision on February 7, 2006. Doc. 14 at 2. The Appeals Council of the Office of Disability Adjudication and Review denied this request on September 1, 2006. Id.

Plaintiff then filed the present action on November 1, 2006 seeking review of this decision. Doc. 3 (Complaint). The case was referred to the Magistrate Judge for the purpose of conducting hearings and preparing a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and Local Rule 72. Doc. 11. Plaintiff filed his Motion for Summary Judgment on April 20, 2007. Docs. 13 (Motion) and 14 (Mem. in Support). Plaintiff prayed that the Court reverse the decision of the ALJ or, in the alternative, vacate the decision and remand the case for further proceedings. Doc. 14 at 14. Defendant filed his Motion for Summary Judgment on May 23, 2007. Docs. 15 (Motion) and 16 (Mem. in Support). Defendant requested that the Court affirm the decision of the ALJ. Doc. 16 at 15. On January 3, 2008, the Magistrate Judge recommended that no action be taken on the motions for summary judgment and that the case be remanded to the ALJ for "reconsideration of his decision in light of the concerns his opinion raises." Doc. 18 at 40 (Report and Recommendation). These concerns arose out of the ALJ's finding that the Plaintiff could perform work available in the local and national economy and thus was not disabled. Id. at 36. The ALJ based this finding in large part on a determination that the

Plaintiff's own testimony regarding the severity of his pain was not credible. Id. at 38. The Magistrate Judge found that this credibility determination "at best, requires further explanation and, at worse, is incorrect." Id. The Magistrate Judge noted that "the record does not contradict the symptoms complained of by plaintiff" and that "[t]he ALJ has not properly explained why there are any medical or non-medical reasons why plaintiff's credibility should be called into question." Id. at 38, 40. Defendant filed a timely objection to the Report and Recommendation on January 17, 2008. Doc. 19.

## II. STANDARD OF REVIEW

### A. Review of the Report and Recommendation

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the Court. Owens ex rel. Metcalf v. Barnhart, No. 8:04-2351-PMD-BHH, 2006 WL 2384706 *1 (D.S.C. Feb. 14, 2006) (citing Mathews v. Weber, 423 U.S. 261, 269 (1976)). In a Social Security disability benefits case, the Court reviews de novo those portions of the Magistrate Judge's report and recommendation to which specific objection is made, and may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C.A. § 636(b)(1); Owens, 2006 WL 2384706 *1.

### B. Review of the Commissioner's Final Decision

The role of the Court in the administrative scheme established by the Social Security Act (the "Act") is a limited one. The Court's review is restricted to a determination as to whether there is substantial evidence to support the ALJ's conclusion that the plaintiff failed to meet the conditions for entitlement pursuant to the Act. See Craig v. Chater, 76 F.3d 585, 589 (4th

-4-

Cir.1996).  Substantial evidence is "more than a mere scintilla" of evidence, but only such evidence "as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consol. Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)).

In reviewing for substantial evidence, the Court does not undertake to re-weigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the Commissioner.  Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); Craig, 76 F.3d at 589. Rather, "[w]here conflicting evidence allows reasonable minds to differ as to whether the claimant is disabled, the responsibility for that decision falls on the Commissioner (or the [Commissioner's] designate, the ALJ)." Craig, 76 F.3d at 589.  The denial of benefits will be reversed only if no reasonable mind could accept the record as adequate to support the determination. Richardson, 402 U.S. at 401.  If substantial evidence exists for the ALJ's findings, and those findings were reached through application of the correct legal standard, the conclusion must be affirmed.  Craig, 76 F.3d at 589; Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir.1966).

Under Gordon v. Schweiker, a denial of benefits is not supported by substantial evidence if the ALJ "has not analyzed all evidence and . . . sufficiently explained the weight he has given to obviously probative" evidence.  725 F.2d 231, 236 (4th Cir. 1984).  The ALJ must "present [the Court] with findings and determinations sufficiently articulated to permit meaningful judicial review." DeLoatche v. Heckler, 715 F.2d 148, 150 (4th Cir. 1983).

## C. Entitlement to Disability Benefits

In evaluating whether a claimant is entitled to disability benefits, the ALJ must follow the five-step sequential evaluation of disability set forth in the Social Security regulations. Under the regulations, an ALJ must consider, in sequence, whether a claimant (1) is engaged in substantial gainful activity, (2) has a severe impairment, (3) has an impairment that meets or equals a condition contained within the Act's official listing of impairments, (4) has an impairment which prevents past relevant work, and (5) if not, has an impairment that prevents him from any substantial gainful employment. 20 C.F.R. §§ 404.1520 and 416.920. An affirmative answer to question one, or negative answers to questions two or four, results in a determination of no disability. Id. Affirmative answers to questions three and five establish disability. Id. The claimant bears the burden of production and proof during the first four steps of the inquiry. See Hunter v. Sullivan, 993 F.2d 31, 35 (4th Cir.1992) (per curiam). If the claimant can carry his burden through the fourth step, the burden shifts to the Commissioner to show that other work is available in the national economy that the claimant can perform despite his condition. See id.

The Magistrate Judge found that the ALJ's decisions on the first four (4) steps of the evaluation were supported by substantial evidence. It is on the fifth step, whether the Plaintiff has an impairment that prevents him from holding any substantial gainful employment, where the Magistrate Judge found error with the ALJ's decision.

## IV. ANALYSIS

### A. The Substantive Finding

The ALJ determined that Plaintiff did not have an impairment that prevented him from holding any substantial gainful employment because he could perform "light work involving simple repetitive tasks and a sit/stand option not requiring writing or following written instructions." R. at 16. In making this determination, the ALJ found that while Plaintiff's medically determinable impairment could reasonably be found to have produced the alleged symptoms, Plaintiff's statements "concerning the intensity, duration, and limiting effects of these symptoms are not entirely credible." R. at 17. The Magistrate Judge's Report and Recommendation found that this determination of credibility "at best, requires further explanation and, at worst, is incorrect." Doc. 18 at 38. Defendant objects to this part of the Magistrate's findings. Doc. 19 at 2.

Plaintiff testified at the hearing that he "is so limited by pain that he is unable to leave the house for anything other than doctor and therapy appointments. . . . [H]e does little more during the day than get up, eat breakfast, and take his medication. He reported that he is not able to prepare his own meals. . . ." R. at 16-17. Plaintiff also testified that he lays down seven (7) out of ten (10) hours a day. R. at 44. Plaintiff's step-daughter also testified and stated that Plaintiff "lies down most of every day and some days requires her help to get to the bathroom." R. at 17. Notably, the vocational expert stated that if Plaintiff's testimony was true, he would be unable to hold any gainful employment. R. at 20.

The ALJ's decision regarding the credibility of Plaintiff's testimony appears to rest on the following: (1) that Plaintiff stated that he cannot afford the drug Lyrica, but is able to spend

-7-

money on cigarettes and received some free samples of the drug from his doctor; (2) that

Plaintiff's statement that a doctor prescribed a cane for him was not documented or otherwise

supported; (3) that Plaintiff reported "significant improvement" to his doctor as recently as

October 2005; and (4) that Plaintiff reported in December 2005 that his pain was only

"intermittent." Defendant has admitted that the ALJ's statement regarding the report of

intermittent pain in December 2005 was mistaken, as the medical records show that Plaintiff

stated only that his pain was intermittent during one straight leg test performed by his doctor.

Doc. 19 at 3, n.1. The remaining three statements, standing alone, do not provide substantial

evidence for the ALJ's determination of the Plaintiff's credibility. As to the first two reasons,

there is nothing in the record to directly contradict that Plaintiff cannot afford Lyrica or that

Plaintiff was prescribed the cane. Plaintiff reported consistently that he needed the cane for

support. The medical records show that Lyrica cost $52 for seven (7) pills. R. at 216. There is no

indication of how much Plaintiff pays for his cigarettes, or whether the amount spent on cigarettes

is in excess of the amount it would cost to pay for Lyrica. In addition, although Plaintiff reported

improvement due to recent treatment, the reported improvement in October 2005 was only that

Plaintiff was finding treatment "helpful." There is no indication that Plaintiff reported

improvement to the point where he could perform light work.

　　Furthermore, there is nothing in the record that contradicts Plaintiff's statements regarding

the severity of his pain. The record indicates that Plaintiff has consistently stated that he is unable

to sit or stand for long periods of time. He has repeatedly complained of severe, constant pain that

prevents him from completing every day tasks. Indeed, all of Plaintiff's past statements

concerning his condition that are included in the record, dating back to 2003, are consistent with

-8-

the testimony he gave before the ALJ. When a Social Security plaintiff's testimony is uncontradicted in the record, the ALJ must give a reason for disbelieving such testimony. <u>See</u> <u>DeLoatche v. Heckler</u>, 715 F.2d 148, 151 (4th Cir. 1983). Furthermore, the ALJ is required to explain the weight he gave to all relevant evidence, including that corroborating Plaintiff's testimony. <u>See</u> <u>Gordon v. Schweiker</u>, 725 F.2d 231, 236 (4th Cir. 1984). Plaintiff's step-daughter offered testimony corroborating Plaintiff's assertion that he spends the majority of his days lying down and that Plaintiff cannot perform many every day physical activities. R. at 49-51. The ALJ does not explain anywhere in his opinion the weight he accorded to the step-daughter's testimony. The vocational expert testified that, if true, Plaintiff's need to lie down for seven (7) hours a day would prevent him from working any job. R. at 51. The ALJ does not explain what weight he gave to this statement either.

The ALJ found that while Plaintiff's condition could cause the symptoms complained of, Plaintiff's testimony regarding the severity of those symptoms was not credible. If Plaintiff's testimony were fully credible, it appears that his symptoms would be severe enough to support a finding that he was disabled. The ALJ's determination thus rests on the credibility of Plaintiff's testimony. The Court **FINDS** that the ALJ did not adequately explain why the Plaintiff's testimony was not credible or what weight he gave to evidence corroborating this testimony. While it is not error for the ALJ to find that this testimony was not credible, it is error for the ALJ to fail to properly explain why he made such a determination. Thus, further proceedings are required.

**B. The Procedural Finding**

Defendant objects to the Magistrate's recommendation that the Court take no action on the motions for summary judgment and remand the case to the ALJ.  Defendant argues that the Court "cannot simultaneously retain jurisdiction (by declining to rule on the parties' Motions for Summary Judgment) and surrender jurisdiction to the agency (by remanding so that the ALJ can reconsider his decision)."  Doc. 19 at 5.  Defendant cites to the Supreme Court's decision in Shalala v. Schaefer, 509 U.S. 292 (1993).

Plaintiff has sought review of the ALJ's decision pursuant to 42 U.S.C. § 405(g) (section 405(g)).  Under section 405(g), a Social Security claimant may bring an action in United States District Court seeking judicial review of the final decision of the Commissioner regarding the denial of Social Security benefits.  Section 405(g) outlines two (2) exclusive methods by which a district court may remand a Social Security decision to an ALJ.  See Schaefer, 509 at 296; Istree v. Apfel, 208 F.3d 517 (4th Cir. 2000) (holding that these are the only remands permitted by the statute).  The fourth sentence of section 405(g) directs the Court to enter "a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."  The sixth sentence of section 405(g) also allows the Court to remand the case to the Commissioner for further action, but "only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding."  In Schaefer, the Supreme Court held that the plain language of the fourth sentence of section 405(g) requires that the district court enter judgment "'with or without' a remand order."  509 U.S. at 296-97.  In other words, if the Court remands the case pursuant to the fourth sentence, it must also enter a judgment on the motions for

-10-

summary judgment before the Court. In contrast, a district court remanding pursuant to the sixth sentence of section 405(g) may retain jurisdiction and enter judgment after "postremand agency proceedings have been completed and their results filed with the court." Id. at 297. The Court in Schaefer noted that remands pursuant to the sixth sentence may only occur in two (2) situations: "where the Secretary requests a remand before answering the complaint, or where new, material evidence is adduced that was for good cause not presented before the agency." Id., n.2.

Here, Defendant did not request a remand before answering the complaint, and no new material evidence has been presented to the Court. Thus, it is clear that if the case is remanded, it must be done so pursuant to the fourth sentence, not the sixth sentence, of section 405(g). The Court must, therefore, enter judgment, regardless of whether it remands the case to the ALJ for further proceedings. As noted above, further proceedings are required as the ALJ's finding regarding Plaintiff's credibility is not supported by substantial evidence. The Court will thus enter judgment upon the motions for summary judgment, and will also vacate the ALJ's decision and remand the case for further proceedings. In doing so, this Court gives up its jurisdiction over the case. See Schaefer, 509 U.S. at 301 (noting that remand pursuant to the fourth sentence of section 405(g) terminates the civil action). If, after further proceedings, the ALJ once again denies Plaintiff's applications for benefits, Plaintiff must bring a second, separate action under section 405(g) if he wishes to challenge this decision.

### V. CONCLUSION

After reviewing the record, the Court **FINDS** that the ALJ's denial of benefits was not supported by substantial evidence. Thus, the Court **DENIES** both Motions for Summary Judgment. Docs. 13 and 15. The Court **VACATES** the decision of the ALJ and **REMANDS** the

-11-

case for further proceedings consistent with this opinion.

The Clerk is **REQUESTED** to send a copy of this order to all counsel of record.

It is so **ORDERED**.

HENRY COKE MORGAN, JR.
SENIOR UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
February 6, 2008

-12-